PETER J. TORMEY, California SBN 269869
Email: PT@AnTLegal.com
Michael R. Kasin, California SBN 318739
Email: Mkasin@antlegal.com
ANTERO, TORMEY & PETRIN
101 Gregory Lane, #46
Pleasant Hill, CA 94523
Telephone: (925) 352-9842

Attorneys for Plaintiff
Anomatic Inc.

IN UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anonomatic Inc.<br><br>　　　Plaintiffs<br><br>　　　vs.<br><br>Skyflow Inc.<br><br>　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES:**<br><br>1) **TRADEMARK INFRINGEMENT**<br>2) **UNFAIR COMPETITION**<br>3) **TRADEMARK DILUTION**<br>4) **LANHAM ACT CLAIMS**<br>5) **DECLARATORY RELIEF**<br><br>**JURY TRIAL DEMANDED** |

　　　1.　　Plaintiff Anomatic Inc. ("Plaintiff"), by and through its attorneys, Antero, Tormey & Petrin PC, for its Complaint against defendant Skyflow Inc. ("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

　　　2.　　This is an action for infringement of Plaintiff's federally-registered trademark PII Vault ("TRADEMARK") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair

competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims under the statutory and common laws of the State of California, all arising from the Defendant's unauthorized use of the TRADEMARK in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's data encryption and decoding services.

3. Plaintiff seeks injunctive and monetary relief.

## JURISDICTION

4. This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a) and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

## VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), in that Defendant's principal place of business is located in Palo Alto CA, this district 28 U.S.C. § 1391(b)(2) and in that Defendant is subject to personal jurisdiction in this district with respect to this action, and there is no other district in which the action may otherwise be brought.

## PARTIES

6. Plaintiff is a corporation that is incorporated in California and has its principal place of business in Menlo Park, California. Plaintiff, creates and sells data encryption software that anonymizes data sets with 100% accuracy and 0% risk of loss.

7. Upon information and belief, Defendant is a corporation that is incorporated in Delaware and has its principal place of business in Palo Alto, CA.

8. Upon information and belief, Defendant creates and sells data encryption software that uses multiple encryption and tokenization techniques for customer data privacy.

**FACTS**

A. <u>Plaintiff and its Trademark</u>

9. Plaintiff is a corporation that sells data encryption software that anonymizes data sets with 100% accuracy and 0% risk of loss.

10. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6,430,066 on the Principal Register in the United States Patent and Trademark Office for the trademark "PII Vault" (hereinafter "Mark"). The Mark is in international classification 042 for "Data encryption and decoding services; Data encryption services; Data encryption services for providing security and anonymity for electronically transmitted credit card transactions; Providing a secure, web-based service featuring technology that enables individuals to remotely create and manage their own accounts so that whatever private content they upload now can be encrypted, then delivered to their intended recipients, at the time and in the manner requested; Providing a website that features technology that enables the secure exchange of information by users."

11. Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Registration No.6,430,066, which was applied for on September 8, 2020 and registered on the Principle register by the United States Patent and Trademark Office on July 20, 2021. Under 15 U.S.C. §§1057(c) and 1141f(b), filing any application for registration on the

Principal Register, including an intent-to-use application, constitutes constructive use of the mark, provided, as here, that the application matures into a registration.

12. Plaintiff has used the Mark in commerce throughout the United States continuously since before April 4, 2021, in connection with offering for sale data encryption software and in marketing, advertising and promoting data privacy products for sale. Attached hereto as Exhibit 2 are copies of representative samples showing Plaintiff's use of the Mark in connection with these goods.

13. As a result of its widespread, continuous, and exclusive use of the PII Vault Mark to identify data encryption and Plaintiff as their source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Mark.

14. Plaintiff's Mark is distinctive to both the consuming public and Plaintiff's trade.

15. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the Mark in relation to data encryption software. Such efforts include using the Mark in its online presence and in its print and advertising campaigns.  During the period from August 1, 2021 to January 1, 2022 alone, Plaintiff has expended approximately thirty thousand dollars ($30,000) on the marketing, advertising, and promotion sold under the Mark.

16. Plaintiff, sells goods under the Mark via its website, https://anonomatic.com/ and has become known in Data Encryption throughout the United States. Any business that has sensitive data it wants protected from hackers and who is looking to better protect its liability and

corporate interest by keeping its information secure, can purchase and use the Plaintiff's software or sign up for its online services.

17. The goods the Plaintiff offers under the PII Vault Mark are of high quality and unique design. The goods offered can safely store, anonymize, mask, mine, redact and share sensitive data with 100% data accuracy and full international data privacy compliance.

18. As a result of Plaintiff's expenditures and efforts, the Mark has come to signify a superb product of high and exacting quality for the data encryption software designated by the Mark. The Mark has now acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

B.   Defendant's Unlawful Activities

19. Upon information and belief, Defendant is engaged in customer data and data encryption. Like the Plaintiff, the Defendant sells data encryption software that is designed to maximize customer data privacy.

20. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in the Mark, Defendant adopted and began using marks both identical and confusingly similar to Plaintiff's Mark. In some instances, the Defendant uses, PII Data Privacy Vault and in others the Defendant uses Plaintiff's Mark, PII Vault throughout its website https://www.skyflow.com/product/pii-data-privacy-vault and in other marketing materials (hereinafter, the "Infringing Marks") in US commerce.

21. The Infringing Mark adopted and used by Defendant is at times identical to and at times confusingly like Plaintiff's registered PII Vault Mark. The Defendant varies how and when it uses the Infringing Marks. However, in all cases, the Infringing Mark is used to describe data encryption software and or encryption services in the same classification as the Plaintiff's Mark. Additionally, the Defendant consistently uses a capitalized "P" followed by two "I's" prior in conjunction with a descriptor for describing the data encryption software and/or services it provides.

22. Upon information and belief, Defendant has been engaged in offering for sale and the sale of Data encryption software using the Infringing Mark throughout the United States via its website since July 21, 2021. Attached hereto as Exhibit 3 are true and correct Screen Shots of Defendants website showing Defendant's use of the Infringing Mark to introduce and offer for sale products.

23. Upon information and belief, the goods Defendant has, marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark are the same products as the Plaintiffs. Namely, encryption and data protection products.

24. Upon information and belief, Defendant has marketed, advertised, promoted, offered for sale, and sold its Data Encryption software under the Infringing Mark through its website. As a result of the Defendants use of the Infringing Marks, potential and on occasion, current clients of the Plaintiff are directed away from the Plaintiff's online marketplace to that of the Defendant. The Defendant is thus relying on the strength of the Plaintiff's Mark to sell its product(s) to the Plaintiff's clients. Additionally, when the Mark is typed into web browsers such as google or Yahoo both parties' websites are displayed. As both parties' offer identical services

within the same channels of commerce, the Infringing Mark has created, and continues to create a great deal of confusion within the mind of the consumer.

25. Upon information and belief, the Defendant offers and sells its goods under the Infringing Mark to the same types of clients as that of the Plaintiff. Data encryption software is sold business to business (B2B). Both the Plaintiff and the Defendant are B2B businesses. Both the Plaintiff and the Defendant are attempting to sell complex data encryption software to businesses and other types of organizations that are required to keep, hold and store personal client information confidential, such as a bank or hospital. Consumers of the Plaintiff could use the services of the Defendant and vice versa. The Plaintiff and the Defendant are direct competitors of each other.

26. On August 16, 2021, Plaintiff's counsel sent a cease-and-desist letter to Defendant objecting to Defendant's use of the Infringing Mark. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's counsel's August 16, 2021 cease and desist letter to Defendant.

27. To date, Plaintiff has received no formal response to its cease-and-desist letter and, after reasonable inquiry, has no evidence that Defendant has complied with the demands set out in Plaintiff's counsel's cease and desist letter.

28. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

29. Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's PII Vault Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods to the Defendant.

30. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

## COUNT ONE

### (Federal Trademark Infringement)

31. Plaintiff repeats and realleges paragraphs 1 through 30 hereof, as if fully set forth herein.

32. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

34. Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

35. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO**

**(Federal Unfair Competition)**

36. Plaintiff repeats and realleges paragraphs 1 through 35 hereof, as if fully set forth herein.

37. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

38. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

9
COMPLAINT FOR PERMANENT INJUNCTION AND DAMAGES                                    CASE NO.

39. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

40. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

42. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE
### (Federal Trademark Mark Dilution)

43. Plaintiff repeats and realleges paragraphs 1 through 42 hereof, as if fully set forth herein.

44. Plaintiff's Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

45. Plaintiff's Mark became distinctive and famous prior to the Defendant's acts as alleged herein.

46. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Mark.

47. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Mark by undermining and damaging the valuable goodwill associated therewith.

53. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

54. Plaintiff is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**LANHAM ACT CLAIMS**

STATE LAW CLAIMS

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

    1.    That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) ;and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

    2.    That Defendant has infringed the Plaintiffs Mark under 2005 California Business and Professions Code Sections 14320 Art. 11 (a).

    3.    Granting an injunction, preliminarily and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a.    distributing, selling, marketing, advertising, promoting, or authorizing any third party to distribute, sell, market, advertise or promote Defendant's goods bearing the Infringing Mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Mark;

    b.    engaging in any activity that infringes Plaintiff's rights in its Mark;

    c.    engaging in any activity constituting unfair competition with Plaintiff;

    d.    engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's Mark;

    e.    making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed,

licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's [goods/services] are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

      f.    using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

      g.    registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark Infringing Marks or any other mark that infringes or is likely to be confused with Plaintiff's Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

      h.    aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

      4.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's goods.

5. Directing Defendant to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all web promotion, website, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Marks or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Mark, and to immediately remove them from public access and view.

6. Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Marks or any mark consisting of, incorporating, or containing Plaintiff's Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing Defendant to cancel with prejudice any and all of its registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Plaintiff's Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

9. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

10. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

12. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

13. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

15. Awarding such other and further relief as the Court deems just and proper.

Dated: March 8, 2022                                    ANTERO, TORMEY & PETRIN

By: _____
Peter J. Tormey SBN 269869
Michael R. Kasin SBN 318739
Attorneys for Plaintiff
Anonomatic, Inc.