1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANONOMATIC INC.,

Plaintiff,

v.

SKYFLOW INC.,

Defendant.

Case No.  3:22-cv-01469-JD

**ORDER RE PRELIMINARY INJUNCTION**

Plaintiff Anonomatic Inc. and defendant Skyflow Inc. are competitors in the data security and encryption space.  Anonomatic contends that Skyflow has infringed a federally registered trademark, "PII Vault," Reg. No. 6,430,066.  Dkt. No. 1.  "PII" denotes personal identifying information, and "Vault" conveys secure storage.  *See* Dkt. No. 1 ¶¶ 10, 16-18; Dkt. No. 24 at 6.  The utility of the "PII Vault" mark is said to relate to the companies' efforts to "sell complex data encryption software" to entities that are required to securely store personal information of customers and the like.  Dkt. No. 1 ¶ 25.  Anonomatic alleges claims for trademark infringement, unfair competition and false designation of origin, and dilution under Sections 32(1), 43(a), and 43(c) of the Lanham Act, 15 U.S.C. § 1051 *et seq. Id.* ¶¶ 31-54.

More than eight months after filing the complaint, Anonomatic asks for a preliminary injunction to enjoin Skyflow from using PII Vault.  Dkt. No. 17.  The parties' familiarity with the record is assumed, and an injunction is denied.

Injunctive relief is "an extraordinary remedy never awarded as of right."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) ("A preliminary injunction is 'an extraordinary and drastic remedy, one that should not

United States District Court
Northern District of California

1   be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'") (emphasis

2   in original).  "A plaintiff seeking a preliminary injunction must establish that he is likely to

3   succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary

4   relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."

5   *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (quoting *Winter*, 555

6   U.S. at 20); *see also Friends of Gualala River v. Gualala Redwood Timber, LLC*, 552 F. Supp. 3d

7   924, 932 (N.D. Cal. 2021).  An injunction may also issue where "serious questions going to the

8   merits were raised and the balance of hardships tips sharply in plaintiff's favor," if the plaintiff

9   "shows that there is a likelihood of irreparable injury and that the injunction is in the public

10  interest."  *All. for the Wild Rockies*, 632 F.3d at 1135; *see also Feathers v. SEC*, No. 22-cv-05756-

11  JD, 2022 WL 17330840, at *2 (N.D. Cal. Nov. 29, 2022).  This alternative path to a preliminary

12  injunction reflects our circuit's "sliding scale" approach, in which "the elements of the preliminary

13  injunction are balanced, so that a stronger showing of one element may offset a weaker showing of

14  another."  *All. for the Wild Rockies*, 632 F.3d at 1131; *see also Arc of Cal. v. Douglas*, 757 F.3d

15  975, 983 (9th Cir. 2014); *Rahman v. City of Oakland*, No. 3:22-cv-05038-JD, 2022 WL 4292954,

16  at *1 (N.D. Cal. Sept. 16, 2022).

17          In all cases, "at an irreducible minimum," the party seeking an injunction "must

18  demonstrate a fair chance of success on the merits, or questions serious enough to require

19  litigation."  *Pimentel v. Dreyfus*, 670 F.3d 1096, 1105-06 (9th Cir. 2012) (cleaned up); *see also*

20  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) ("The first factor under *Winter*

21  is the most important -- likely success on the merits.").  As a result, when "a plaintiff has failed to

22  show the likelihood of success on the merits, we need not consider the remaining three [*Winter*

23  elements]."  *Garcia*, 786 F.3d at 740 (internal quotations and citation omitted); *see also Rahman*,

24  2022 WL 4292954, at *1.

25          "Plaintiffs must establish all four of the *Winter* factors to obtain a preliminary injunction."

26  *Linton v. Becerra*, No. 18-cv-07653-JD, 2020 WL 2614870, at *3 (N.D. Cal. May 21, 2020)

27  (citing *A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir.

28  2018)).  Consequently, a plaintiff must "demonstrate that irreparable injury is *likely* in the absence

of an injunction." *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1249 (9th Cir. 2013) (quoting *Winter*, 547 U.S. at 22) (emphasis in *Winter*); *see also Linton*, 2020 WL 2614870, at *3.

Anonomatic has not demonstrated a likelihood of irreparable injury.  To start, it made no evidentiary showing whatsoever that Skyflow is doing anything to harm it.  Anonomatic says only that it "fear[s]" injury, and did not present any evidence indicating that it has actually been injured or is reasonably likely to be.  Dkt. No. 17 at 3.

This anemic claim of harm is further undercut by the delay in requesting an injunction.  Anonomatic acknowledged in interrogatory responses that it first became aware of Skyflow, including Skyflow's allegedly infringing use of the "PII Vault" mark, "on or around December 2020."  Dkt. No. 24-5 at ECF p. 181.  Counsel for Anonomatic sent Skyflow a letter demanding that Skyflow cease and desist from all further use of the mark by September 2021.  Dkt. No. 1-2, Ex. 4.  Even so, Anonomatic waited until March 2022 to bring this suit, and then an additional eight months to request an injunction in November 2022.  Dkt. Nos. 1, 17.

Anonomatic has not offered a good reason for why it waited so long to act.  It offers only the purely conclusory suggestions that Skyflow "has recently increased marketing activities using the Mark," Dkt. No. 26 at 5, and that Anonomatic did not previously appreciate the severity of Skyflow's infringement, *see id.* at 6.  These speculative and factually unsupported contentions do not justify such a long delay, which vitiates a claim of irreparable harm without immediate judicial intervention.  *See Garcia*, 786 F.3d at 746; *see also Linton*, 2020 WL 2614870, at *3; *Minerva Surgical, Inc. v. Hologic, Inc.*, No. 3:17-cv-02013-JD, 2018 WL 306689, at *6 (N.D. Cal. Jan. 5, 2018).

Recent amendments to the Lanham Act do not aid Anonomatic.  The revised statute creates a "rebuttable presumption of irreparable harm . . . upon a finding of likelihood of success on the merits" on its trademark claims.  15 U.S.C. § 1116(a); *see also AK Futures LLC v. Boyd St. Distro, LLC*, 35 F.4th 682, 694 (9th Cir. 2022).  But on the record presently before the Court, there is reason to question whether the "PII Vault" mark is valid, notwithstanding that its registered status "constitutes *prima facie* evidence of the validity of the mark."  *Yellow Cab Co. of Sacramento v.*

*Yellow Cab of Elk Grove, Inc.*, 419 F.3d 925, 928 (9th Cir. 2005).  A good argument can be made that the mark is at most descriptive without secondary meaning, and not entitled to trademark protection.  *See Ironhawk Techs., Inc. v. Dropbox, Inc.*, 2 F.4th 1150, 1162 (9th Cir. 2021) ("Descriptive marks are not inherently distinctive and are not entitled to trademark protection unless they have acquired secondary meaning.").  Skyflow has raised this question of validity.  *See* Dkt. No. 24 at 6-7.  Consequently, Anonomatic has not demonstrated a likelihood of success on the merits, or a serious question with a balance of hardships that tips heavily in its direction.

**IT IS SO ORDERED.**

Dated:  January 10, 2023

_____
JAMES DONATO
United States District Judge